**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

------------------------------------------------------------------------x

David Workman,

        Plaintiff

                                                          Case No.

    -against-

Equifax Information Services, LLC,

        Defendant(s).

------------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff David Workman ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Equifax Information Services, LLC ("Equifax") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Virginia in the County of Gloucester.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Virginia and may be served with

process at 100 Shockoe Slip Fl 2, Richmond, VA 23219.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(f) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs numbered 1-8 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Equifax's Double Reporting Violation

10. Upon information and belief, on a date better known to Defendant, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Plaintiff's accounts with Plus Finance and Ally Credit Card ("Account(s)").

11. On Plaintiff's Equifax Credit Report dated November 18, 2025 ("Report"), it was reported by Defendant that Plaintiff had a Plus Finance account with the account number x4888, with an open date of July 15, 2022, with a balance of $1,167 that was reported late for six (6) consecutive months starting from December 2022 through May 2023, and then reported as a charge off from June 2023 all the way through April 2024.

12. Defendant further stated on the Report, an Ally Credit Card account with an identical account number (*4888) as the Plus Finance account, with the very same open date of

July 15, 2022, and with similar negative reporting; reported as late from December 2022 through May 2023, and reported as charge off from June 2023 through June 2024.

13. The information published by Equifax is inaccurate since it's clear that Equifax is reporting the very same debt as two separate accounts.

14. The information published by Equifax is inaccurate since the underlying debt from the Plus Finance account is being reported with derogatory notations in duplicate form on Plaintiff's credit reports, making it appear that Plaintiff has more derogatory accounts on his report than he should.

15. The status of multiple late payment notations and the subsequent charge off notations are derogatory and can negatively impact a consumer's credit score and thus negatively affect the consumer's ability to obtain credit.

16. Defendant listed Plaintiff's single debt as two (2) separate accounts both with late payment notations and subsequent charge off notations for the same time-period.

17. The Defendant reported the very same underlying debt from Plaintiff's Plus Finance account in duplicate making it appear that Plaintiff has at least two (2) accounts, when in fact there should only be one (1) account as a result of this single debt.

18. Equifax is required by law to implement processes and procedures which maximize possible accuracy of all reporting.

19. In addition to merely duplicating accounts on Plaintiff's credit report, Equifax's duplication of derogatory accounts has a serious impact to Plaintiff's perceived creditworthiness.

20. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various

persons and credit grantors, both known and unknown.

21. Equifax failed to establish and implement reasonable procedures to ensure accurate reporting of Plaintiff's credit information.

22. Equifax violated 15 U.S. Code § 1681e(a) and (b) by failing to maintain and follow reasonable procedures to avoid reporting inaccurate information regarding the consumer Plaintiff.

23. Had Equifax maintained and followed reasonable procedures to assure maximum possible accuracy of the Plaintiff's information, it would have been revealed to Equifax that the accounts in question were being reported in duplicate form.

24. Equifax is required to maintain maximum possible accuracy of consumer credit reports, and this error should have been picked up internally by Equifax.

25. Additionally, the publication of this information is materially misleading, as anyone who views this report would assume that the Plaintiff had two negative accounts.

26. Equifax published and disseminated such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

27. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA)**

28. Plaintiff incorporates by reference paragraphs numbered 1-27 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length

herein.

29. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

30. Equifax violated 15 U.S.C. § 1681e by failing to maintain or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

31. Equifax willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to maintain reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information;

   d) The continual placement of inaccurate information into the credit report;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

   f) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

32. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

33. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

34. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, David Workman, an individual, demands judgement in his favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA)

35. Plaintiff incorporates by reference paragraphs numbered 1-27 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

36. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

37. Equifax violated 15 U.S.C. § 1681e by failing to maintain and follow reasonable procedures with which to verify the accuracy of the information in the credit file of the Plaintiff.

38. Equifax negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to maintain reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

6

    c) The failure to correct erroneous personal information regarding the Plaintiff;

    d) The failure to remove and/or correct the inaccuracy and derogatory credit information;

    e) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    f) The continual placement of inaccurate information into the credit report of the Plaintiff;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

39. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, David Workman, an individual, demands judgement in his favor against Defendant Equifax Information Services, LLC for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

42. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Equifax Information Services, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: December 26, 2025

Respectfully Submitted,
By:/s/Aryeh E. Stein
Meridian Law, LLC
Aryeh E. Stein, #45895
1212 Reisterstown Road
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061
astein@meridianlawfirm.com
*Counsel for Plaintiff*